United States District Court
Southern District of Texas
**ENTERED**
September 17, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTIST THORNTON, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-156 |
| | § | |
| DITECH FINANCIAL LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiffs Artist Thornton and Elaine Thornton filed this action against Defendants Ditech Financial, LLC (Ditech) and Bank of America, N.A. (BANA), complaining of their conduct in the entirety of their mortgage loan and foreclosure processes. Before the Court are two motions to dismiss filed by BANA (D.E. 9) and Ditech (D.E. 11). For the reasons set out below, the motions are GRANTED.

**A. Service and Default.**

BANA initially failed to effect service of its motion on Plaintiffs. By Order (D.E. 16), the Court required BANA to re-serve its motion. An amended certificate of service reflects that BANA re-served the motion on Plaintiffs at their address of record on August 14, 2018. D.E. 18. According to Local Rule 7.3, the submission date for this motion was September 4, 2018. While Ditech properly served its motion, Plaintiffs sought an extension of time to respond. D.E. 15. By Order (D.E. 17), the Court required Plaintiffs to file any response they may have to that motion on or before September 5, 2018.

Under Local Rule 7.4, responses must be filed by the submission date and be accompanied by authority. To date, Plaintiffs have not filed a response to either motion and the time for doing so has expired. "Failure to respond will be taken as a representation of no opposition." *Id*. Nonetheless, the Court reviews the motions on their merits to determine if dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6).

### B. The Pleading Fails to Allege Sufficient Facts, Generally.

At issue, initially, is whether Plaintiffs have pled sufficient facts to support a claim upon which relief may be granted. The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Id*. at 555. In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible. *Id*. at 557. The *Twombly* Court stated, "[W]e do not require heightened fact

pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Id*. at 681.

Plaintiffs' pleading is replete with invocations of state and federal statutes, along with recitations of various legal maxims from common law and constitutional principles, with respect to allegations of concealment, misleading representations, mistake, unfair and unconscionable acts, unlawful banking and lending practices, notary misconduct, intrusion onto land, breach of fiduciary duty, wrongful foreclosure, and a denial of due process and equal protection of the laws. Plaintiffs appear to request compensatory and punitive damages, along with rescission of contract, injunctive relief, and attorneys' fees.

In sum, Plaintiffs claim that they were duped into their mortgage loan, which they did not understand and were not sufficiently creditworthy to obtain. And now they have been treated unfairly. After defaulting on their note, they are surprised to find that Defendants have a claim to foreclose on their property. However, in their 33-page pleading and accompanying affidavit, the only fact they allege is the identification of the mortgage loan transaction and its original principal amount.

There are no facts to support their claims of wrongdoing. For instance, they do not identify any material fact that was misrepresented or concealed. They do not identify any fact evidencing a violation of mortgage lending or foreclosure requirements. They do not assert that they are current on their loan payments, invalidating collection procedures, generally. Instead, the pleading sets forth conclusory, formulaic charges that are not entitled to the presumption of truth and which do not state a claim upon which relief may be granted under the requirements of *Twombly* and *Iqbal*.

The Court GRANTS the motions to dismiss on the basis that the pleading fails to allege facts sufficient to support any cause of action.

**C. The Pleading Fails to Allege Sufficient Facts to Support Fraud Claims.**

Defendants complain about Plaintiffs' accusations of fraud. Federal Rule of Civil Procedure 9(b) sets out a heightened fact-pleading standard for claims of fraud or mistake. More specific fact allegations of the who, what, when, and where are required before the case can proceed to discovery. *Williams v. WMX Techs., Inc*., 112 F.3d 175, 177-78 (5th Cir. 1997). Yet Plaintiffs do not set out such facts to demonstrate who perpetrated a fraud, what statements were made and when they were made, or what exactly that fraud was.

Thus the fraud allegations not only fail the Rule 8 pleading requirements, but fail the Rule 9 heightened pleading requirements as well. The Court GRANTS the motions to dismiss on the basis that the pleading fails to allege facts sufficient to support a fraud claim.

### D. The FDCPA Claim Fails

Defendants complain that they are not debt collectors as that term is defined by the Fair Debt Collection Practices Act (FDCPA) and that they are thus not liable for any alleged violation of that statute. Debt collectors do not include a lender, mortgage servicing company, or assignee of a debt, as long as the debt was not in default at the time it was assigned. 15 U.S.C. §1692a(6); *Gipson v. JPMorgan Chase*, No. 3:13-CV-2477-L, 2013 WL 3746003, at *2 (N.D. Tex. July 17, 2013) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208, *modified on reh'g on other grounds*, 761 F.2d 237 (5th Cir. 1985) (addressing attorney's fees)).

Here, BANA is sued as the original lender and thus is not a debt collector under the FDCPA. D.E. 1-2 (Settlement Statement and Deed of Trust). There are no allegations that the loan was in default when it was assigned to Ditech, such that Plaintiffs have failed to allege that Ditech was acting as a debt collector under the FDCPA.

BANA further seeks dismissal of the FDCPA claims on the basis of the one-year statute of limitations. 15 U.S.C. § 1692k(d). A motion to dismiss for failure to state a claim upon which relief can be granted can be based not only on a plaintiff's claims but on matters that support an affirmative defense, such as limitations. Even if some allegations support a claim, if other allegations negate the claim on its face, then the pleading does not survive the 12(b)(6) review.

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that

> relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Jones v. Bock*, 549 U.S. 199, 215 (2007).

BANA claims that Plaintiffs' causes of action accrued when the loan was originated in March 2004. However, because Plaintiffs appear to complain of actions taken at every step of the loan from formation to foreclosure, and because the claims are not accompanied by fact allegations, the Court cannot discern when the claims may have accrued. So while the Court GRANTS the motions to dismiss on the FDCPA claims, they are dismissed for lack of factual pleading and because Defendants are not debt collectors; they are not dismissed on the basis of limitations.

### E. The DTPA Claim Fails Only For Insufficient Pleadings

Defendants also challenge Plaintiffs' Texas Deceptive Trade Practices Act (DTPA) claims. In particular, one element of any such claim is that plaintiffs must be consumers as defined by that statute. Tex. Bus. Com. Code Ann. § 17.45(4). Defendants argue that borrowers whose objective is merely to borrow money (rather than to purchase or lease a good or service) are not consumers. However, whether this principle applies, depends on the allegations. *See generally Miller v. BAC Home Loans Servicing*, 726 F.3d 717, 725 (5th Cir. 2013). Because of the deficiencies in Plaintiffs' statement of their

claims, it is difficult to determine whether a good or service is involved that would render Plaintiffs consumers.

Therefore, the Court declines to dismiss the DTPA claims on the basis of consumer status. Instead, those claims are dismissed under Rule 12(b)(6) for insufficient pleadings.

### F. The Wrongful Foreclosure Claim Fails.

Defendant Ditech challenges Plaintiffs' suggestion that a lender does not have standing to seek foreclosure or that it is required to produce the original note to be entitled to foreclosure. Those theories of recovery have been discredited. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013). The wrongful foreclosure theory is also improper because Plaintiffs have not been dispossessed of their property. *Foster v Deutsche Bank Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017).

The Court thus GRANTS the Ditech motion to dismiss on the wrongful foreclosure claim because it is premised on a theory not recognized in the law and because there is no factual allegation that a foreclosure has taken place.

## CONCLUSION

For the reasons set out above, the Court GRANTS the Defendants' motions to dismiss (D.E. 9, 11) and dismisses this action in its entirety with prejudice.

ORDERED this 17th day of September, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE